Informal Opinion No. 97-28 Thomas E. Walsh, II, Esq. Assistant County Attorney County of Rockland Allison-Parris County Office Bldg. 11 New Hempstead Road New City, N Y 10956
Dear Mr. Walsh
You have asked whether the Rockland County Clerk may accept for filing a subdivision plat certified by a licensed professional engineer who is authorized under the Education Law to make land surveys that are essential to engineering projects.
Real Property Law § 334 provides:
 It shall be the duty of every person or corporation who, as owner or agent, subdivides real property into lots, plots, blocks or sites, with or without streets, for the purpose of offering such lots, plots, blocks or sites for sale to the public, to cause a map thereof, together with a certificate of the licensed land surveyor filing said map attached showing the date of the completion of the survey by said land surveyor and of the making of the map by said land surveyor and the name of the subdivision as stated by the owner, to be filed in the office of the county clerk . . . prior to the offering of any such lots, plots, blocks or sites for sale.
In a prior opinion we concluded that under this provision a county clerk should not accept for filing subdivision maps that are certified by anyone other than a licensed land surveyor. 1970 Op Atty Gen (Inf) 210. We noted that the Supreme Court, Suffolk County, had reviewed section335 of the Real Property Law, which requires that all subdivision maps filed in the Suffolk County Clerk's office include a "certificate of the surveyor" verifying that the subdivision map was made from an actual survey. The court held that section 335 required a certificate stating that the map had been prepared by a licensed land surveyor and that one prepared by a professional engineer was not sufficient. Matter of Nassau-Suffolk Civil Engineers, Inc. v. Albertson, (Sup Ct Suffolk Co October 9, 1970 [unreported]).
The court in Albertson noted that the Legislature established different training and licensing requirements for surveyors than for engineers and that it emphasized the subdivision of real property in defining the practice of surveying. The court stated that "the public interest demands that subdivisions of land be accomplished with the greatest possible standards of accuracy". Finally, it noted that if the Legislature wished to entrust subdivision surveys to professional engineers it could have done so expressly. Id.
We considered the decision in Albertson in construing section334 of the Real Property Law in our 1970 opinion. We reasoned that section 334 is more specific than section 335, requiring that a "certificate of the licensed land surveyor" accompany a subdivision map. We concluded in 1970 that section 334 should also be construed to require certification of subdivision maps by a licensed land surveyor rather than a professional engineer.
Current Education Law provisions regarding the authority of licensed land surveyors and professional engineers are consistent with section 334. Education Law § 7208 specifically gives licensed land surveyors, rather than professional engineers, the responsibility to determine real property boundaries. It permits
 (e) making of surveys by professional engineers, except that the determination of real property boundaries may be done only by a licensed land surveyor.
We conclude that the county clerk may not accept for filing subdivision maps that are certified by a professional engineer rather than by a licensed land surveyor as required by Real Property Law §334.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General